IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02753-NRN

SARAH V. LUCERO,

Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,

Defendant.

# OPINION AND ORDER

**N. REID NEUREITER**
**United States Magistrate Judge**

The government determined that Plaintiff Sarah V. Lucero was not disabled for purposes of the Social Security Act. (AR[1] 32.) Ms. Lucero has asked this Court to review that decision. The Court has jurisdiction under 42 U.S.C. § 405(g), and both parties have agreed to have this case decided by a U.S. Magistrate Judge under 28 U.S.C. § 636(c). (Dkt. #15.)

## Standard of Review

In Social Security appeals, the Court reviews the decision of the administrative law judge ("ALJ") to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See Pisciotta v. Astrue,* 500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence is such evidence as a reasonable mind might accept as

---

[1] All references to "AR" refer to the sequentially numbered Administrative Record filed in this case. (Dkt. ##11, and 11–1 through 12–20.)

adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Raymond v. Astrue*, 621 F.3d 1269, 1271–72 (10th Cir. 2009) (internal quotation marks omitted). The Court "should, indeed must, exercise common sense" and "cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The Court cannot reweigh the evidence or its credibility. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

## Background

At the second step of the Commissioner's five-step sequence for making determinations,[2] the ALJ found that Ms. Lucero

> has the following severe impairments: type I diabetes mellitus; diabetic neuropathy of the bilateral feet; obesity; diabetic retinopathy under control; status post cataract excision and lens implant left eye in May 2018; asthma-controlled with medication; chronic kidney disease, stage II (mild); migraine headaches; depressive disorder; generalized anxiety disorder; and post-traumatic stress disorder (PTSD).

(AR 17.) Ms. Lucero's "diagnoses and/or allegations of" hypertension, hyperlipidemia, hypothyroidism, seborrheic dermatitis, polycystic ovarian syndrome, galactorrhea, sleep apnea, and history of methicillin-resistant staphylococcus aureus (MRSA) were considered not severe. (AR 17–18.) The ALJ found that Ms. Lucero's gastroparesis was not properly diagnosed by an

---

[2] The Social Security Administration uses a five-step sequential process for reviewing disability claims. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988.) The claimant has the burden of proof through step four; the Social Security Administration has the burden of proof at step five. *Lax*, 489 F.3d at 1084.

acceptable medical source utilizing the appropriate medically acceptable clinical or diagnostic techniques required to establish the diagnosis. (AR 18.)

The ALJ then determined at step three that Ms. Lucero does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in the regulations. (AR 18–23.) Because he concluded that Ms. Lucero did not have an impairment or combination of impairments that meets the severity of the listed impairments, the ALJ found that Ms. Lucero has the following residual functional capacity ("RFC"):

> . . . [Ms. Lucero] has the residual functional capacity to perform a range of sedentary work as defined in 20 CFR 416.967(a). More specifically, the claimant is able to: lift and/or carry up to 10 pounds occasionally and less than 10 pounds frequently; sit with normal breaks for up to 6 hours out of an 8-hour workday; and stand and/or walk with normal breaks up to 2 hours out of an 8-hour workday. She can have the option to change from a sitting to a standing position or vice versa 2 times per hour provided she is only off task less than 10% o[f] work period. She can occasionally use foot controls bilaterally, climb ramps or stairs, stoop, crouch, kneel, and crawl, but cannot climb ladders, ropes, or scaffolds. She is able to frequently reach overhead, reach in all other directions, and handle finger, and feel with the bilateral upper extremities. She can occasionally be exposed to fumes, odors, and/or irritants and should not work at unprotected heights or around moving machinery or be required to motor vehicles during work hours as part of her jobs. Finally, the claimant is limited to simple and routine tasks and is able to occasionally have contact with [the] public, coworkers, and supervisors.

(AR 23–24.)

The ALJ found that Ms. Lucero had no past relevant work. (AR 30.) The ALJ concluded that considering her age, education, work experience, and RFC, Ms. Lucero could perform jobs that exist in significant numbers in the national economy, such as document preparer, surveillance system monitor, and addresser. (AR 31–32.) Accordingly, Ms. Lucero was deemed not to have been

3

under a disability from July 27, 2016, the date the application was filed, through November 2, 2018, the date of the decision. (AR 32.)

## Analysis

Ms. Lucero argues that the ALJ's decision should be reversed because his finding that Ms. Lucero was not disabled is not supported by substantial evidence. Specifically, Ms. Lucero contends that the ALJ failed to adequately assess the conflicting medical opinions relating to her need to elevate her feet.

In formulating his RFC finding, the ALJ stated in relevant part as follows:

> [T]he claimant testified at the hearing that she has to elevate her lower extremities above heart level for half an hour to forty-five minutes after walking for approximately ten minutes because her diabetes causes her lower extremities to swell. However, there is no indication in her treatment records that a treating source has advised her to do so or told her that it was medically necessary for her to elevate her legs to heart level during the current period at issue. To the contrary, the claimant's endocrinologist indicated in June 2016 that the claimant did not need to elevate her lower extremities. As a result, the undersigned did not place such a limitation in the residual functional capacity above because it is not supported by a longitudinal review of the record.

(AR 29–30 (internal citations to the record omitted).)

The endocrinologist the ALJ refers to is Vickie Chiong, M.D. On June 2, 2016, Dr. Chiong completed a Physical Medical Source Statement. (AR 747–50.). Dr. Chiong opined that Ms. Lucero was limited to 20 minutes of standing and walking without stopping. (AR 747–48.) She further stated that Ms. Lucero could sit and stand/walk less than two hours over the course of an 8-hour workday, with the rest of the time needed for resting her feet. (AR 748.) However, Dr. Chiong declared that Ms. Lucero did not need to elevate her legs or otherwise lie down during a typical 8-hour period. (*Id.*)

4

Dr. Chiong's opinion was offered in Ms. Lucero's prior claim for benefits. In issuing an unfavorable decision in that case, a different ALJ gave Dr. Chiong's opinion little weight because it was inconsistent with the record as a whole. (AR 111.) The ALJ in this case found "no reason to depart from the prior ALJ's determination with respect to the evidentiary value of earlier opinion evidence." (AR 25.) Thus, even though the prior ALJ had given Dr. Chiong's opinion little weight, in this claim for benefits, the ALJ cited Dr. Chiong to support his conclusion that Ms. Lucero did not need to elevate her feet.

Ms. Lucero argues that the ALJ's failure to include Ms. Lucero's need to elevate her legs in his RFC determination is reversible for two reasons. First, she contends that the ALJ ignored or discounted conflicting medical opinion evidence without sufficient explanation. Second, Ms. Lucero argues that the ALJ did not explain why he relied on one part of Dr. Chiong's opinion (relating to Ms. Lucero's lack of need to elevate her legs) while ignoring the other limitations contained in her opinion.

Ms. Lucero claims that the ALJ did not evaluate the joint medical opinion of Kelly Wetherill, PA-C, and Michael Barris, M.D. On August 17, 2018, Ms. Wetherill wrote a note, signed by Dr. Barris, that states, "For leg swelling due to chronic venous insufficiency, [Ms. Lucero} should use compression stockings ad lib, and elevate legs as much as possible to minimize edema." (AR 1227.)

The Commissioner concedes that the ALJ did not "explicitly" evaluate this opinion but argues that this failure was, at most, a harmless error, because the letter does not contradict the ALJ's finding that no "treating source" opined that it

5

was medically necessary for Plaintiff to elevate her legs to heart level while working. First, the Commissioner insists that neither Ms. Wetherill nor Dr. Barris were a "treating source" as that term is defined in the regulations. *See* 20 C.F.R. § 416.927(c)(2). The Commissioner points out that Ms. Wetherill only saw Ms. Lucero three times and only examined her twice, and that Dr. Barris never examined her at all. Moreover, the Commissioner argues that Ms. Wetherill's opinion is entitled to little, if any, weight because it is unsupported by objective medical evidence and is inconsistent with the longitudinal record. The Court is not persuaded.

"An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (citing 20 C.F.R. § 401.1527(d)). "The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(1), (2); 20 C.F.R. § 416.927(1), (2); SSR 96–6p, 1996 WL 374180, at *2). No matter the relationship, however, the ALJ must "give consideration to all the medical opinions in the record" and "discuss the weight he assigns to them." *Mays v. Colvin*, 739 F.3d 569, 578 (10th Cir. 2014) (internal quotation marks omitted).

The ALJ must consider the following factors when evaluating all medical opinions:

>   (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Allman v. Colvin,* 813 F.3d 1326, 1331–32 (10th Cir. 2016). Neither the regulations nor the Court require a factor-by-factor recitation, but the ALJ's findings must be "sufficiently specific to make clear" the weight assigned to the source opinion and the reasons for that weight. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (internal quotation marks omitted).

The Commissioner's argument that neither Ms. Wetherill nor Dr. Barris were a "treating source" misses the mark for two reasons. First, no one knows how the ALJ would classify the relationship between Ms. Lucero and these two medical professionals because the question was not addressed, explicitly or implicitly, in the decision. *See Haga v. Astrue*, 482 F.3d 1205, 1207–08 (10th Cir. 2007) (A court "may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself."). Second, Ms. Wetherill was, at the very least, an examining medical source. Accordingly, the ALJ was required to consider her opinion, assign it a weight, and explain the reasons for that weight. He did not do so.

What is more, the ALJ did not assign a weight Dr. Chiong's opinion, which he cites as a basis for his decision to not place a limitation in the RFC relating to the need for Ms. Lucero to elevate her legs. The Commissioner states that "it is apparent from the ALJ's decision that he did not re-evaluate Dr. Chiong's

7

opinion—which related to the previously adjudicated period during which another ALJ found Plaintiff was not disabled—and that he instead adopted the prior ALJ's evaluation of that opinion evidence." This is curious because the prior ALJ gave that opinion little weight for being inconsistent with the record at that time. Here, however, the ALJ appears to have given at least this portion of the opinion more than a little weight because "as a result" of it, the ALJ "did not place such a limitation in the residual functional capacity." He does not explain why he assigned weight to this opinion when the prior ALJ did not. He does not explain why he did not also adopt the significant sitting and standing limitations contained in Dr. Chiong's statement. Nor does the ALJ describe how Dr. Chiong's 2016 opinion relates to the record as it was developed in this case, as opposed to the prior one.

"It is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004). *See also Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."). Here, not only did the ALJ ignore Ms. Wetherill and Dr. Barris's opinion while adopting Dr. Chiong's conflicting opinion, he also ignored some portions of Dr. Chiong's opinion while crediting others that support his position, all without explanation.

The ALJ's errors cannot be considered harmless, as the Court cannot conclude that no reasonable factfinder could have reached a different conclusion had the weight of the medical opinion evidence been adequately explained and supported by substantial evidence. *See Allen v. Barnhart,* 357 F.3d 1140, 1145 (10th Cir. 2004). (concluding that, with certain "caveats, it . . . may be appropriate [in Social Security appeals] to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e., where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way"). The Court has no idea how the ALJ actually evaluated Dr. Chiong's opinion. And the Court cannot agree with the Commissioner's argument that because Ms. Wetherill's opinion was not supported by substantial evidence anyway, the failure to consider it was therefore harmless. The Tenth Circuit has made it clear that, "*of course*, to the extent there are differences of opinion among the medical sources, the ALJ must explain the basis for adopting one and rejecting another." *Reveteriano v. Astrue*, 490 F. App'x 945, 947 (10th Cir. 2012) (unpublished) (emphasis added). The ALJ's analysis ran afoul of this basic principle because it never addressed Ms. Wetherill's opinion at all. Moreover, had the ALJ considered and given weight to Ms. Wetherill's opinion that Ms. Lucero should elevate her legs "as much as possible," his RFC determination may have changed.

Finally, the Court rejects the Commissioner's position, articulated strongly at the hearing, that the Supreme Court's recent decision in *Biestek v. Berryhill*,

9

139 S. Ct. 1148 (2019), requires that the ALJ's decision be affirmed. In *Biestek*, the Supreme Court held that a vocational expert's refusal to provide to a claimant the market survey data underlying her opinion regarding job availability does not categorically preclude her testimony from counting as "substantial evidence." 139 S. Ct. at 1152. This is not an issue before the Court in this case and has no bearing on the long-settled rule that "[i]t is the ALJ's duty to give consideration to all the medical opinions in the record." *Keyes–Zachary*, 695 F.3d at 1161. The ALJ did not fulfill that duty here, and the case must be remanded.

## Conclusion

For the reasons set forth above, the Commissioner's decision is **REVERSED** and **REMANDED** for additional proceedings consistent with this opinion.

Dated this 18th day of August, 2020.

BY THE COURT:

*N. Reid Neureiter*
N. Reid Neureiter
United States Magistrate Judge